IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

KATHLEEN M. KAPLAN,                        )
                                           )
      Plaintiff,                           )
                                           )
v.                                         )     Case No. 1:14-cv-00079-GBL-JFA
                                           )
DEBORAH JAMES,                             )
      Secretary of the Air Force,          )
                                           )
      Defendant.                           )

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant Deborah James' Motion to Dismiss for Lack of Subject Matter Jurisdiction filed on April 3, 2014. (Doc. 12.) This case arises from the Air Force's alleged breach of an administrative settlement agreement resolving Plaintiff's underlying discrimination claims. The issue before the Court is whether it has subject matter jurisdiction to hear claims for the breach of an administrative settlement agreement. The Court GRANTS Defendant's Motion to Dismiss because the Court lacks subject matter jurisdiction because the United States has not expressly waived sovereign immunity to allow it to be sued for breach of an administrative settlement agreement even where it relates to an underlying claim of discrimination.

## I.    Background

Plaintiff is Dr. Kathleen M. Kaplan, an employee of the United States Air Force. Defendant is Deborah James, the Secretary of the Air Force. On May 10, 2010 and October 6, 2010, Plaintiff filed administrative complaints of employment discrimination with the Air Force. (Doc. 13, at 1.) On December 16, 2010, Plaintiff and the Air Force resolved the discrimination claims through the execution of a settlement agreement which involved the withdrawal of the

discrimination complaints, monetary compensation, and placement in a specific permanent position (Deputy Director of Physics and Electronics, Principal Computer Scientist). (Doc. 1, at 17–19.) The settlement agreement incorporates Equal Employment Opportunity Commission ("EEOC") Regulation 29 CFR § 1614.504 which sets forth the process for an administrative review of any alleged noncompliance with a settlement agreement. (Doc. 13, at 3.) Plaintiff's settlement agreement limits the relief which may be sought through this administrative review process to specific performance. (*Id.*)

Around October 18, 2012, the position of the Deputy Director of Physics and Electronics was eliminated through an agency-wide reorganization. (Doc. 1, at 3–4.) On February 10, 2013, Defendant reassigned Plaintiff to a different organization. (*Id.*) Plaintiff notified the Chief EEO Counselor of the Air Force that she believed the Air Force breached the settlement agreement in essentially three ways: 1) Plaintiff claimed that she was never properly reassigned to the position listed in settlement agreement; 2) Plaintiff claimed that Defendant planned to eliminate the position four months before the settlement agreement was executed and did not disclose that to Plaintiff, therefore settling in bad faith; and 3) Plaintiff claimed that to the extent she was given a new position, she was only allowed to perform limited duties and only for two years even though Air Force Instruction 38-308 defines a permanent position as work that is projected to last more than four years. (Doc. 1, at 5–6; Doc. 13-2; Doc. 13-3.) In her letters to the Chief EEO Counselor, Plaintiff sought specific performance of the terms of the settlement agreement. (*Id.*)

On October 5, 2012 and December 18, 2012, after conducting an investigation, the Air Force issued its Final Agency Decision regarding Plaintiff's breach of settlement agreement claims, finding that the settlement was not breached. (Doc 13-4; Doc. 13-5.) Plaintiff subsequently appealed this finding to the EEOC Office of Federal Operations ("OFO"), again

2

requesting specific performance of the terms of the agreement. (Doc. 13.) The EEOC OFO conducted an independent investigation and determined that the Air Force had not breached the agreement. (Doc. 13, at 1–2.) Plaintiff sought reconsideration of this determination and on October 31, 2013, the OFO issued a denial of Plaintiff's claims of bad faith settlement and breach of settlement agreement. (Doc. 1, at 1.) The OFO denial stated that "You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision." (Doc. 1-1, at 4–5.)

On January 24, 2014, Plaintiff, who appears pro se, filed the present complaint ("Complaint") in the United States District Court for the Eastern District of Virginia requesting, for the first time, the reinstatement and hearing of her original administrative complaints, $300,000 in compensatory and punitive damages, and fees and expenses. (Doc. 1.) In the present Complaint, Plaintiff states that the Court has jurisdiction to reinstate the original administrative complaints pursuant to 29 U.S.C. § 206[1] and 42 U.S.C. § 2000e and to award damages for intentional discrimination pursuant to 42 U.S.C. § 1981a.

On April 3, 2014, Defendant filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction arguing that Congress has not waived the United States' sovereign immunity with respect to claims for breach of an administrative settlement agreement. (Doc. 12.) On April 16, 2014, Plaintiff filed her Objection to Defendant's Motion to Dismiss (Doc. 19), putting forth twelve grounds which she argued entitled her grievances to be heard by this Court:

I.    Court has Jurisdiction: Congress Authorized Court to Manage EEOC Processes; Processes Culminate with Civil Action;
II.   Court has Jurisdiction: Plaintiff has Exhausted all Administrative Remedies;
III.  Court has Jurisdiction: To Reinstate the Original Discrimination Complaint;

---

[1] 29 U.S.C. § 206 is the Fair Labor Standards Act ("FLSA"). The Court dispenses with this subject matter jurisdiction argument because Plaintiff makes no attempt to explain how the FLSA could vest jurisdiction for a breach of an administrative settlement agreement claim.

IV.    Court has Jurisdiction: Said Settlement Agreement States Judicial Forum for
       Noncompliance Issue;
V.     Court has Jurisdiction: To Compensate Plaintiff;
VI.    Due Process Guaranteed by U.S. Constitution: Fourteenth Amendment;
VII.   Due Process Guaranteed by U.S. Constitution: Fifth Amendment;
VIII.  Private Property Guaranteed by U.S. Constitution: Fifth Amendment;
IX.    Free Speech Guaranteed by U.S. Constitution: First Amendment;
X.     Redress of Grievances Guaranteed by U.S. Constitution: First Amendment;
XI.    Defendant using Court for Continued Reprisal; and
XII.   Pro Se Disadvantaged in Court System.

On April 24, 2014, Defendant filed its Reply Memorandum. (Doc. 22.) On May 6, 2014,

Plaintiff filed her Rebuttal to Reply Memorandum. (Doc. 24.) In Plaintiff's Rebuttal, she asserts

that her Complaint is bringing two distinct claims: 1) Defendant's breach of the Title VII

settlement, and 2) Defendant engaged in unlawful intentional discrimination in the OFO decision

by willfully ignoring material facts. (*Id.*) Under Local Rule 7(F), Plaintiff's Rebuttal is improper

because "[n]o further briefs or written communications [beyond the reply brief] may be filed

without first obtaining leave of the Court." In this case, leave to file a rebuttal memorandum was

neither requested by Plaintiff nor ordered by this Court.

## II.    Standard of Review: Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal when

the court lacks jurisdiction over the subject matter of the action. FED. R. CIV. P. 12(b)(1).  In

considering a 12(b)(1) motion to dismiss, the burden is on the plaintiff to prove that federal

subject matter jurisdiction is proper. *See United States v. Hays*, 515 U.S. 737, 743 (1995)

(citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *Adams v. Bain*, 697

F.2d 1213, 1219 (4th Cir. 1982). A 12(b)(1) motion to dismiss may attack the existence of

subject matter jurisdiction over the case apart from the pleadings.  *See Williams v. United*

*States*, 50 F.3d 299, 304 (4th Cir. 1995) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549

F.2d 884, 891 (3d Cir. 1977)); *White v. CMA Constr. Co.*, 947 F. Supp. 231, 233 (E.D. Va.

4

1996). In such a case, the court may consider evidence outside the pleadings and regard the pleadings as mere evidence to determine the existence of jurisdiction. *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004).

### III.   Analysis

The Court grants Defendant Deborah James' Motion to Dismiss for Lack of Subject Matter Jurisdiction and holds that it does not have subject matter jurisdiction over Plaintiff's claim because the federal government has not waived its sovereign immunity for suits alleging breach of the terms of an administrative settlement agreement.

"As a sovereign, the United States is immune from all suits against it absent an express waiver of its immunity." *Durden v. United States*, 736 F.3d 296 (4th Cir. 2013) (quoting *Welch v. United States*, 409 F.3d 646, 650 (4th Cir.2005)). A waiver of sovereign immunity "must be construed strictly in favor of the sovereign and not enlarged beyond what the language requires." *United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992); *see also United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) ("Jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity ... The terms of consent to be sued may not be inferred, but must be unequivocally expressed." (*quoting United States v. King*, 395 U.S. 1, 4 (1969))). "Even if the matter were at all ambiguous, the issue is resolved by the rule that the 'scope' of a 'waiver of the Government's sovereign immunity will be strictly construed ... in favor of the sovereign.'" *Frahm v. United States*, 492 F.3d 258, 262 (4th Cir. 2007) (quoting *Lane v. Pena,* 518 U.S. 187, 192 (1996)).

Under 42 U.S.C. § 2000e–16, Congress has expressly waived sovereign immunity to allow the United States to be sued in Title VII discrimination suits where the federal government is the employer. However, Plaintiff's suit is not based on the underlying discrimination

complaints which were withdrawn, and therefore never administratively exhausted, when she signed the settlement agreement. Plaintiff's Complaint is for breach of the administrative settlement agreement. "In the context of a private settlement agreement, the Supreme Court has held that the enforcement of settlement agreements 'is more than just a continuation or renewal of the dismissed suit,' and that it 'requires its own basis for jurisdiction.'" *Berry v. Gutierrez*, 587 F. Supp. 2d 717, 727 (E.D. Va. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 378 (1994)).

EEOC Regulation 29 C.F.R. § 1614.504 has established a remedial scheme for addressing an agency breach of an administrative settlement agreement.

> If the complainant believes that the agency has failed to comply with the terms of a settlement agreement or decision, the complainant shall notify the EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance. The complainant may request that the terms of settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased.

29 C.F.R. § 1614.504(a). As the second step, the complainant can appeal the agency's determination to the EEOC.

> If the Commission determines that the agency is not in compliance with a decision or settlement agreement . . . it may order such compliance with the decision or settlement agreement, or, alternatively, for a settlement agreement, it may order that the complaint be reinstated for further processing from the point processing ceased.

29 C.F.R. § 1614.504(c).

EEOC Regulation 29 C.F.R. § 1614.504 is silent on whether a complainant can appeal the EEOC decision to a federal court for further review. Even if the EEOC Regulation delineated a process that included an appeal to a federal court, which it does not, "government regulations alone, without the express intent of Congress, cannot waive sovereign immunity." *Heller v.*

*United States*, 776 F.2d 92, 98 n.7 (3d Cir. 1985); *Bosman v. United States*, Nos. 2:12-cv-140, 2:12-cv-141, 2012 WL 5957354, at *8 (E.D. Va. Nov. 27, 2012) (quoting *Mitzelfelt v. Dep't of Air Force*, 903 F.3d 1293, 1296 (10th Cir. 1990)).

In *Frahm v. United States*, the Fourth Circuit addressed the issue of whether Title VII's statutory waiver of sovereign immunity extends to claims against the federal government for a breach of a settlement agreement. 492 F.3d 258 (4th Cir. 2007). The Fourth Circuit held that "because neither the settlement agreement nor a statute allow Miss Frahm to sue the government for breach of the settlement agreement, her action was properly dismissed." 492 F.3d at 262. Plaintiff and Defendant disagree regarding the precedential effect of the *Frahm* decision because Miss Frahm sought only money damages. Plaintiff urges that the holding in Frahm that sovereign immunity is not waived for a breach of settlement agreement claim only applies to cases where a party seeks only monetary compensation, whereas her circumstances are distinguishable because she is pursuing one of the two options listed in the EEOC Regulation—the reinstatement of her original administrative complaints. (Doc. 19; Doc. 24.) Defendant urges that the Court should follow *Berry v. Gutierrez* which interpreted *Frahm* to apply to any type of relief sought in a breach of settlement claim because the Fourth Circuit's discussion of the specific limitation for remedies set forth in § 1614.504 was simply an additional ground for dismissal, rather than a qualifier to the sovereign immunity ground. (Doc. 13; Doc. 22.)

Because a waiver of sovereign immunity must be unequivocal, and therefore silence in a regulation is insufficient to confer jurisdiction, other courts of appeals which have examined the issue have come to the same conclusion that Defendant asserts—the United States has not explicitly waived its sovereign immunity with respect to these kinds of claims regardless of the remedy sought. *See Taylor v. Geithner*, 703 F.3d 328, 335 (6th Cir. 2013) (dismissing case for

lack of subject matter jurisdiction because "[n]othing in 42 U.S.C. § 2000e-16(c) indicates that it is intended to waive sovereign immunity for claims other than discrimination" nor does the EEOC Regulation waive the government's sovereign immunity for Title VII claims alleging government's breach of settlement agreement); *Munoz v. Mabus*, 630 F.3d 856, 862 (9th Cir. 2010) (because a waiver of sovereign immunity must be unequivocally expressed, the EEOC Regulation's "silence counsels against a finding of jurisdiction" over breach of settlement agreement claims); *Thompson v. McHugh*, 388 Fed. App'x 870 (11th Cir. 2010) (holding that the court lacked subject matter jurisdiction because although Title VII waived sovereign immunity for discrimination claims, a claim for settlement rescission was based on contract law and furthermore EEOC Regulation 29 CFR § 1614.504 only discusses administrative remedies rather than the possibility of filing a civil action); *Lindstrom v. United States*, 510 F.3d 1191 (10th Cir. 2007) (rejecting plaintiff's argument that the statutory scheme created by Congress to govern the EEOC confers jurisdiction for federal courts to enforce settlement agreements).

Other courts in this district has since interpreted *Frahm* broadly, and in line with other courts of appeals, that the holding does not just bar claims for monetary relief, but also for specific performance and other forms of equitable relief. In *Berry v. Gutierrez*, the court explicitly held that *Frahm* should be interpreted broadly such that sovereign immunity covers both monetary claims for relief and equitable claims for relief stemming from an alleged breach of an administrative discrimination settlement agreement. 587 F. Supp. 2d 717 (E.D. Va. 2008). Almost identical to Dr. Kaplan, Ms. Berry brought her claim under Title VII and blamed the breach of the settlement agreement on racial discrimination and requested a form of equitable relief—the re-opening of the proceedings in her previous administrative claim. *Id.* at 724. In interpreting *Frahm*, the *Berry* court explained:

> While the broad reading of sovereign immunity in *Frahm* does follow immediately upon the court's conclusion that the statutory waiver in Title VII does not extend to monetary claims, the court's statement is unqualified and clearly phrased. Moreover, the court chose to base its holding on sovereign immunity doctrine even though it noted an alternate ground on which it could affirm the dismissal of Frahm's monetary damages claim. 492 F.3d at 262. If the court had intended to limit its holding to monetary damages, it could have easily done so.

*Id.* at 727–28. *See also Foxworth v. United States*, No. 3:13-cv-291, 2013 WL 5652496 (E.D. Va. Oct. 16, 2013) (holding that due to sovereign immunity, the court did not have jurisdiction to specifically enforce the settlement agreement or to hear a claim for money damages, and that any further claims for collateral equitable relief required an independent jurisdictional basis for such claims).

Furthermore, to the extent that Plaintiff relies on the statements in the EEOC letter regarding her appellate rights, boilerplate statements in an agency decision cannot waive sovereign immunity and confer jurisdiction to this Court. *See United States v. N.Y. Rayon Importing Co.*, 329 us 654, 660 (1947) ("It has long been settled that officers of the United States possess no power through their actions to waive an immunity of the United States or to confer jurisdiction on a court in the absence of some express provision by Congress."); *Thompson*, 388 Fed. App'x at 874 ("Although we recognize that the EEOC twice informed her that she had a right to file a civil action appealing the EEOC's determination that the settlement agreement was valid and binding, an agency's actions cannot waive sovereign immunity.").

Given *Frahm*'s seemingly broad holding, similar decisions by other courts of appeals, and the silence of the EEOC Regulation or any other act of Congress regarding the right of appeal to a federal court, the Court follows the rationale provided in *Berry v. Gutierrez* and holds that sovereign immunity has not been expressly waived for actions for a breach of Title VII settlement agreements no matter the relief sought. As Plaintiff has been unable to set forth any

9

act of Congress which has explicitly waived sovereign immunity for this type of claim, the Court holds it does not have subject matter jurisdiction over Plaintiff's Complaint.

In addressing Plaintiff's twelve reasons she believes entitle her grievances to be heard by this Court, the Court does not find any of them to be persuasive. First, it is unclear what connection some of the grounds listed have to the present breach claim such as the arguments about the First Amendment, pro se plaintiffs' access to electronic filing, and vague statements about due process. Second, for a large number of Plaintiff's listed grounds, it is unclear how they would waive sovereign immunity such as to confer jurisdiction to this Court. Third, a number of the arguments go to the merits of Plaintiff's claims, which can only be reached if Plaintiff establishes subject matter jurisdiction. Fourth, other arguments supplement with facts that are not in the Complaint, such as statements about Dr. Kaplan dying, however, a party may not amend its complaint through briefing. *Southern Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175 (4th Cir. 2013).

In response to Plaintiff's argument that she seeks damages because Defendant engaged in unlawful intentional discrimination in the OFO decision by willfully ignoring material facts, the Court finds this argument unpersuasive for a number of reasons. First, the Defendant that Plaintiff has named is the Air Force, not the EEOC. The EEOC is the entity that issued the OFO decision, so it is unclear how the Air Force would be liable for any alleged discrimination by the EEOC. Second, the argument that the OFO decision was discriminatory is not presented in the Complaint. The Complaint only asserts that the interpretation was erroneous. (Doc. 1, at 7.) The essence of Plaintiff's Complaint is regarding the alleged breach of the settlement agreement and her disagreement with the determinations by the Air Force and the OFO. Plaintiff cannot simply

argue in her procedurally improper Rebuttal to the Reply that the decision itself was discriminatory in order to waive sovereign immunity and convey jurisdiction.

For these reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. 12) is **GRANTED**. The Complaint (Doc. 1) is **HEREBY DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

ENTERED this _/7th_ day of June, 2014.

Alexandria, Virginia
6 / /7 / 2014

_____ /s/ _____
Gerald Bruce Lee
United States District Judge

11